and so we will start with the motion Hunn versus Cuomo. Good morning your honors Jeffrey Lang on behalf of Appellant. I'd like to reserve one minute for rebuttal. We don't usually reserve or allow rebuttal on motions but let's make sure your colleague on the other side is on as well. Mr. Speroni are you on? Oh there you go. Yes your honor. Mr. Lang go ahead. The court should stay the preliminary injunction pending appeal in this case. We made a strong showing that Appellant is likely to succeed on the merits Appellant being the State Liquor Authority the Commissioner and will suffer irreparable injury in the absence of a stay. Let me just say you know a brief word about the the SLA guidance that's an issue here which is all that it does is it allows for a narrow exception for music that's incidental to the dining experience. While live music live concerts just like all other types of live performances comedy shows and so on are barred and the state's expert gave a number of reasons for that because for a live concert attendees tend to coordinate arrival and departure they stand to stay for the entire concert which is a prolonged amount of time indoors consume more alcohol and and so you know forget about the social distancing rules also you know singing and shouting so expelling respiratory droplets and and for that reason this is a higher risk activity that the state has banned. We're likely to succeed in the merits for two reasons one because there's no standing because live concerts at all event spaces and this would include restaurants and bars are prohibited by pre-existing executive orders and Department of Health guidance that the Appellant hasn't challenged. We're also likely to succeed on the merits of plaintiffs First Amendment claim. Now we agree in light of this court's recent decision in Agra dot Israel that the the analysis that applies is ordinary intermediate level scrutiny applicable to content neutral time place manner restrictions. We readily passed that that test as the district court indeed found in this case this restriction is content neutral. Now the court was concerned about under inclusiveness but under inclusiveness is simply not fatal in this case and in other circumstances it may indicate that the government isn't pursuing the interest that it purports to to be pursuing and is instead targeting particular speaker viewpoint that is plainly not so here the state's only goal here is to prevent the spread of COVID and in addition to that the activities that weren't banned trivia nights and and movie theaters and as we set forth in our papers there are very good reasons for restricting those activities you know I'd like to ask you more about irreparable harm because my general view in these cases is that when we try to guess the merits on a situation like this we often get it wrong and it's much better to see that the merits are handled in a final case where it is decided now what is the reputable harm from your point of view and what is it from the point of view of the of a belly from our point of view your honor the irreparable harm is that there's now a lot of unclarity about whether the SLA Commissioner can enforce this rule against live concerts which can potentially be super spreader events in the next few months it is absolutely critical that you know the state is clear about its authority to enforce these these restrictions at a time when the virus is is surging and already this disciplinary injunction has caused confusion about the SLA's Commissioner if the SLA Commissioner enforces this you know attempts to enforce this rule it you know he can well say well I'm only enforcing the pre-existing executive orders which bar live concerts at all events spaces but he's just to contempt of court if he does to follow up on that all live concerts now under the preliminary injunction all live concerts except if there is a the establishment serves liquor I'm not quite sure how the two tie in together no under the pre-existing executive orders of the governor all live indoor concerts music concerts all types of performances are banned are currently prohibited and you know all the you're banned anyway by the executive order and that's why there's no standing but there's now a lot of confusion about that your honor because of the preliminary injunction which bars the state from enforcing this simple distinction between high-risk live concerts and just low-risk incidental music which is all that the guidance allowed and all that we were attempting to do now may I ask you aren't you subject to an injunction in another case by order of a state court judge we are and we are expeditiously pursuing an appeal of that injunction same guidance why do you need an order from this court you're not going to be able to enforce this and force this directive in any of and I mean it would seem to me we could expeditiously hear the appeal here and that would be another matter but why should we stay anything when you're subject to an injunction already because we're seeking expedited review and reversal of that injunction that was decided in September what's the status of that matter is that we are about to perfect it we are proceedings as you may be proceeding expeditiously how quickly you're going to get a decision out of the state court on that on that injunction and in any of it what we hear you want to stay here until you've secured that's a stay of that order I mean we could get it as soon as a few weeks or a month it's hard to know what we're going to but if that is so why wouldn't it be perfectly appropriate for us to expedite the case and to say that should you be let that injunction be lifted you can come and seek a stay immediately here you know we don't take very long you can go for a stay it goes to a motions panel and you're there within a few days so the moment you get the other one lifted you can come and again I'm thinking in terms of irreparable harm what is the irreparable harm to you if we don't do anything except expedite and say come back when the other one is done well I mean because the other court is saying the opposite to us which is we'll get the fit you know the other court could say we'll get the federal injunction lifted so we're stuck between the two we're proceeding proceeding expeditiously in both tracks and and at this critical time every week makes a difference it's really urgent and and like I said we're proceeding as expeditiously as we can to get both orders reviewed and where you know we think we will be able to get the state injunction overturned well you know one of the reasons that you the injunction was entered by the state was that the state court judge articulated various actions that could reasonably be to restaurants that's quite different from holding events in a large venue and all of that is that being pursued at all in other words more more tailored requirement the the the tailored requirements are you know you can't have a live indoor concert that you know what I want me to quote the state court judge I guess I'm not sure your honor I mean we don't think there was we think the state court state court judge seemed to think that it was you know an arbitrary distinction between an incidental allowing incidental music and allowing live music and that it was based just on advertising and our point was no it's not just the advertising it's you can't hold the event itself right the state court the transcript before the state court goes 42 pages so it's it's more than that but I won't pursue it I think we're you're well over your time okay thank you thank you your honors we'll hear from the other side your owners thank you Peters is for me for a Pele Michael Huns the the court should deny the stay the incidental music role is not only arbitrary it's completely absurd this now wait a second wait a second who are we to start saying what distinctions make sense where economics as well as well-being are there why isn't it up to the state to say restaurants are important because we need to keep restaurants going and they'll collapse and theaters and other things are not these are economic decisions which are typically state court decisions what you're asking us to do is under the First Amendment do precisely what the old court did in Roosevelt's time and decide for themselves what was worth doing in a state or not so I you know frankly I don't get it I understand the religion cases because of a particular language of the First Amendment with respect to religion but to expand that into other things seems to me to be getting into wild things now you have a strong argument in terms of the existence of a state stay but the merits of it my rule doesn't make sense is because the patrons are already inside the venue by the time the incidental music rule takes effect they're already sitting at the same table drinking the same alcohol eating the same hamburger that the person who attends in a main draw quote-unquote concert the next day may be attending but there's a view that people are inclined to drink more if they're there to be entertained than if they are simply having a meal now that might be debatable but as Judge Calabrese says that's that's the kind of thing that state policymakers get to decide isn't it there there isn't any evidence that was presented in the 277 pages from Dr. Dufour that would show any data I understand that but you know what what started this line of statement that this was absurd and we're not so sure of that but I have another question for you you're subject to executive orders that aren't going to let you play music tomorrow whether we keep this stay in place or not what why isn't there's the standing argument of the state worthy of of our adoption we challenged the constitutional authority of executive order 202 and then the guidance from that from March when New York went on pause the first time so we challenged the constitutional authority to make advertising music that doesn't seem to be clear and certainly wasn't the basis of the district courts decision I mean if you go back down you might ask for a ruling on that but right now we don't have a ruling on the executive orders okay I mean you didn't play music last night right I mean you're you're subject to these executive orders we're subject to the executive orders of course yes the the establishments does not does not or the the order of the dish of the lower court does not apply to that the lower court address the analysis of the intermediate scrutiny they we have we had argued that the constitutional authority to make it the conduct of legal in the first place didn't survive the muster of either analysis what the question is this is a very strange case because on the one hand the other side is already bound by an injunction in the state so it doesn't make any difference and on this side you're already bound by executive orders which we don't have before us so it doesn't make any difference so I'm not quite sure what one does in a situation where both sides are going to come out exactly the same way regardless of what we do whoever's standing is more important than the fact that they're already bound because that's a constitutional issue in which case we rule against you or we say there's no issue in which case it's moot in which case we don't do anything because it's moot and then you win it's it's very bizarre is it is it correct that even with the preliminary injunction in place your client is not performing my client is able to perform as an incidental music artist for free well okay well that isn't that better than nothing no because my artist is a Hall of Fame musician that has spent 47 years gigging and performing at his entire livelihood as he can't he cannot he cannot do those things even with the injunction in place because of the executive order the executive order was barring the concerts these are just already licensed establishments restaurants bars taverns these aren't concert halls if if if the if the state were to eliminate the exception for incidental music so that all music would be on the same playing field do you then do you then lose your First Amendment argument no the my client would be able to advertise his musical performances at the venues that he's contracted with and he would be allowed to charge a ticket price for the admission to those shows and continue to his livelihood I don't understand that I think judge Chin's hypothetical is suggesting to you that the state would prohibit incidental music too and so I don't know how your client performs if neither incidental music nor ticketed music can be performed but they're treated the same we will not be able to perform in a show that is part of an advertiser hosted a ticketed events so that's his prohibition of his First Amendment rights because he cannot perform those that same show if it's if he makes money from it or if it's advertised when the facility itself is subject to all the other same rules so we were challenging again the Constitutional Authority of Executive Order 202 and the guidance that said advertising music is illegal that's what we challenged and we challenge again we challenged it under under Jacobson and under intermediate scrutiny all right well thank you both we'll reserve decision on the motion but we'll rule relatively quickly I think thank you the the day calendar